(December 18, 1975)

■ In the Matter of Tyrone Q., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition entered in the Family Court, New York County, on February 20, 1975 placing appellant on probation following a fact finding hearing adjudicating him a juvenile delinquent, unanimously affirmed, without costs and without disbursements. The com-·plainant testified that he was viciously assaulted when appellant and his brother cut him with a knife, gave him karate blows and kicked him. In contrast, appellant testified he had been assaulted by complainant. At the conclusion of the testimony the court reduced the charge of assault in the first degree, as alleged in the petition, to assault in the third degree, on the ground that the injuries sustained by complainant were not the result of having been stabbed but rather were caused by his having been kicked in and about the head by appellant; and found the appellant to have committed an act which, if committed by an adult, would constitute assault in the third degree. The reduction of the charge inured to appellant's benefit. It probably resulted from complainant's failure to have seen a knife although his testimony, corroborated by hospital records, was clear that he had been cut with a knife. If believed, of course, such testimony was sufficient to sustain a finding of assault in the first degree notwithstanding lack of proof directly placing a knife in the hands of the assailant. The trier of the facts having seen and heard the witnesses was in the best position to determine credibility. (Boyd v Boyd, 252 NY 422, 429; Amend v Hurley, 293 NY 587, 594.) The Family Court's determination that there was proof beyond a reasonable doubt that appellant committed an act which, if committed by an adult, would constitute assault in the third degree, is supported by the evidence. Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.